[Docket Nos. 1, 4]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| FRANK L. SIMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDING, LLC, c/o<br>Corporation Service Company,<br>Registered Agent,<br><br>　　　　　　Defendant. | Civil No. 25-15937 (RMB-SAK)<br><br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**

　　**THIS MATTER** comes before the Court upon the filing of a Complaint [Docket No. 1], which included an application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff Frank Sims ("Plaintiff"). [Docket No. 1-2.] Before this Court reviewed his initial application, Plaintiff submitted a second IFP application. [Docket No. 4.] For the reasons stated herein, the Court will direct Plaintiff to submit a new, amended IFP application.

　　Under 28 U.S.C. § 1915(a), an applicant to proceed IFP must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. *See Roy v. Penn. Nat'l Ins. Co.*, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The party seeking IFP status bears the burden "to provide the Court with the financial information it needs

to make a determination as to whether he qualifies for [IFP] status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (alterations omitted). "[A] plaintiff must state the facts concerning [his] poverty with some degree of particularity, definiteness[,] or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College,* 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

While Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), proceeding IFP "is a privilege, not a constitutional right." *Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011)).

In its current state, Plaintiff's IFP applications, taken together, lack the necessary information the Court needs to determine whether he is economically eligible to proceed IFP. In his first application, Plaintiff disclosed self-employment that generated a monthly income of $500 as well as $250 within a "PNC" checking account. [Docket No. 1-2 at 1-2.] The Court notes that these disclosures are missing from his second application, although Plaintiff provided no explanation to the Court for these discrepancies. [Docket No. 4 at 1-2, 5.]

For the Court to determine whether Plaintiff is economically eligible to proceed IFP, Plaintiff must submit a new IFP application with greater detail. In his new

application, Plaintiff must list his expenses and liabilities, and provide an explanation as to the change of circumstances that him to spontaneously submit a new IFP application. Without such information, the Court cannot conclude that Plaintiff is eligible to proceed IFP and must, therefore, deny his application. *See* 28 U.S.C. § 1915; *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). Therefore, for the foregoing reasons,

**IT IS** on this **5th day of February, 2026**, hereby:

**ORDERED** that Plaintiff's IFP Applications [Docket Nos. 1-2; 4] are **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is directed to mail Plaintiff a copy of this Order and a blank IFP application; and it is further

**ORDERED** that Plaintiff must complete the new IFP application, in full, with necessary details and explanations and file it with the Court within thirty days of this Order; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending the receipt of Plaintiff's revised IFP application; and it is finally

**ORDERED** that, in the event Plaintiff fails to submit a new complete IFP application, the matter will be dismissed without prejudice.

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **Chief United States District Judge**